ROBERTS v. The ROCKLAND. See Case No. 11,981.

## Case No. 11,912.

### ROBERTS v. ROTER.

[5 Fish. Pat. Cas. 295.] [1]

Circuit Court, W. D. Pennsylvania. Jan., 1872.

PATENTS—EQUIVALENTS — FLUID TAMPING IN OIL-WELLS.

1. Roberts' method of exploding torpedoes in oil-wells is distinguished from all others by the use of a fluid tamping in deep wells of small caliber, the intended effect of which is to give a lateral direction to the force of the explosion.

2. It is not the use of water distinctively, but water as a fluid merely, that is contemplated by the patentee.

3. Benzine, or any other substance possessing the fluid property of water, is within the scope of the patent, and is a manifest equivalent.

4. If the desired effect can be produced by the use of a shorter column of fluid than the patentee describes, it is still an infringement of his patent.

Motion for provisional injunction. Suit brought [by Edward A. L. Roberts against F. A. Roter] on letters patent [No. 59,936] for "improvement in method of increasing capacity of oil-wells," granted to complainant November 20, 1866, for seventeen years from May 20, 1866 [reissued January 26, 1875; No. 6,258]. The nature of the invention is fully set forth in the report of the case of Roberts v. Dickey [Case No. 11,899], where the specification is given in full.

Bakewell & Christy, for complainant.
George Shiras, Jr., for defendant.

McKENNAN, Circuit Judge. In Roberts v. Dickey [supra] the complainant's patent for a method of increasing the capacity of oil-wells, etc., was earnestly contested, but its validity was sustained in an elaborate opinion delivered by Mr. Justice STRONG,

which expressed the views of both the judges who heard the case. The counsel for the defendant properly assumes that, so far as the present motion is concerned, the validity of the patent is not an open question. But he opposes the motion on the ground that, as the patent is expounded in the opinion referred to, the respondent has not infringed it. His argument is: 1. That Roberts is limited to the employment of water as a tamping agent, and that, therefore, the substitution of benzine for that purpose is not within his patent; and, 2. That filling the well with fluid tamping to the top is an essential element of Roberts' method, and that it is not infringed by the use of such tamping, extending only to within fifty or one hundred feet from the bottom of the casing in the well.

I propose only to notice the able argument of the counsel by stating the conclusions which I have reached in reference to it. 1. Construing Roberts' patent as must be done with reference to the previous state of the art, his method is distinguished from all others by the use of fluid tamping in deep wells of small caliber, the intended effect of which is to give a lateral direction to the force of the explosion, and thus, by shattering the walls of the wells, to open new seams for the liberation of oil or to clear out obstructions in seams already opened. It is apparent that the employment of water distinctively is not contemplated, but water as a fluid merely, because it is its agency as a fluid only, which the patentee describes, as essential to effectuate his method. This is the import of the opinion in Roberts v. Dickey [supra]. It follows that the use of benzine, or any other substance possessing that property of water which is made available in the patentee's process, is within the scope of the patent, as a manifest equivalent. And this is so, whether the object be to open new seams or to remove obstructions from old ones. 2. The function of the tamping is to confine the force of the explosion to the vicinity of the torpedo. A superincumbent column of fluid of sufficient gravity to accomplish this, is all that is needed to the complete effect specified by the patentee as the object of his process. If this effect is produced by filling the well only half full, or by means of a shorter column of fluid, all is done that the patentee's process requires. Any one, therefore, who produces the result contemplated by the patentee, by such use only of the described means as is essential to that end, uses his process and is an infringer.

At my suggestion, the arguments of counsel were written out and printed, and, together with the affidavits on both sides, were submitted to Judge STRONG; and he authorizes me to say that, after a careful examination of them, he concurs in the conclusions above stated, and in the allowance of the complainant's motion. A preliminary injunction is therefore ordered.